UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

IN RE:

RACHEL E. GULLICKSRUD,           Case No. 16-11860-12

Debtor.

## DECISION

The Debtor, Rachel E. Gullicksrud, filed a voluntary Chapter 12 petition on May 24, 2016. According to 11 U.S.C. § 1221, the Debtor's Chapter 12 Plan was due on August 22, 2016. The Debtor filed a Stipulation for Substitution of Attorney on August 29, 2016, and a Motion to Extend Time to File the Chapter 12 Plan on August 29, 2016. The Court granted the Stipulation for Substitution of Attorney on August 31, 2016, and took the Motion to Extend Time under advisement. For the reasons that follow, the Motion to Extend to File the Chapter 12 Plan is granted.

### I. Statement of Facts

The Debtor initially retained attorneys Galen W. Pittman and Greg P. Pittman of Pittman & Pittman Law Offices, LLC, to represent her in her Chapter 12 bankruptcy. At a telephonic hearing on August 4, 2016, the United States Trustee raised a conflict of interest with respect to the employment of Pittman & Pittman Law Offices. The Debtor then retained Attorney Terrence J. Byrne of Byrne Law Office on August 29, 2016. The Debtor initially sought more time to file her plan due to a valuation hearing scheduled for September 21, 2016,

which has since settled. The Standing Chapter 12 Trustee objects to the Debtor's Motion to Extend Time to File the Chapter 12 Plan, but does not move for dismissal. The issue presented is whether the Court should grant the Debtor more time to file a Chapter 12 Plan.

II. **Discussion**

Section 1221 of the Bankruptcy Code provides:

> The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not be justly held accountable.

11 U.S.C. § 1221. Prior to 1993, section 1221 provided that a court could extend the 90-day period so long as the extension was "substantially justified." 3 *Collier on Bankruptcy* ¶ 1221.01[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In 1993, Congress amended section 1221 by removing the "substantially justified" language. *Id.* In its place, Congress provided that an extension should be granted only "if the need for an extension is attributable to circumstances for which the debtor should not be justly held accountable." *Id.*, § 1221. The new language makes it more difficult for debtors to obtain an extension. *Collier, supra,* at ¶ 1221.01[2]. Congress substituted the new language because courts interpreted "substantial justification" too broadly. Susan V. Kelley, *Ginsberg & Martin on Bankruptcy*, § 14.04[A] n.121 (5th ed. Supp. 2016) (citation omitted). Legal scholars speculate this change was for the benefit of creditors rather than for the benefit of the debtor. *Collier, supra,* at ¶ 1221.01[2]. They reason that since Chapter 12 does not have similar

2

protections for creditors as Chapter 11, the 90-day limitation coupled with the 45-day limitation found in section 1224 are the chief protections for creditors in Chapter 12 against a debtor drawing out a reorganization without confirming a plan. *Id.*

An extension should be granted only if the debtor "clearly demonstrates that the debtor's inability to file a plan is due to circumstances [ ] beyond the debtor's control." *Collier, supra,* at ¶ 1221.01[2]. If the debtor fails to establish this burden, "the case could probably be dismissed on the motion of a creditor" pursuant to 11 U.S.C. § 1208(c)(3), or by the court *sua sponte. Ginsberg & Martin on Bankruptcy, supra,* at § 14.04[A]. Here, no interested party has moved to dismiss the case.

At least one court has held the 90-day statutory limit is not jurisdictional, meaning a debtor can submit a plan after the expiration of the 90-day limit. *In re Raylyn AG, Inc.*, 72 B.R. 523, 524 (Bankr. S.D. Iowa 1987). The Code is not clear on how bankruptcy courts should proceed when a debtor has missed the filing deadline, but no party has moved for dismissal.

The Debtor argues the failure to file a Chapter 12 Plan within the statutory limits was due to circumstances beyond her control. Due to the conflict of interest and logistics involved with retaining substitute counsel, the Debtor missed the deadline to file a plan. She relies heavily on *In re Raylyn AG, Inc.,* for the proposition that so long as the failure to file a plan was not for the purpose of delaying the case, the Court should extend the time to file. *In re Raylyn AG, Inc.,* 72 B.R. at 524.

The issue in applying *In re Raylyn AG, Inc.,* to the present case is that the *In re Raylyn* court interpreted the 1987 version of section 1221. In 1993, Congress raised the bar for a debtor to qualify for an extension to file a plan. *Collier, supra*, at ¶ 1221.01[2].

In *First Sec. Bank & Trust Co. v. Vander Vegt*, 511 B.R. 567 (N.D. Iowa 2014), the district court upheld a bankruptcy court's decision to grant an extension of time to file a plan. *Id.* at 585-86. The bankruptcy court denied a creditor's motion to dismiss because the debtors' delay in filing a plan was due to the creditor's resistance and the court's issuing of decisions. *Id.* at 585. The bankruptcy court implicitly found that the creditor's actions together with the court's issuing of decisions resulted in the debtors' inability to timely file a plan for which they should not be held justly accountable. *Id.*

Three circumstances combine to qualify the Debtor for an extension. First, the Debtor asserts she could not file a plan in good faith due to the pending valuation hearing and a valuation determination was critical to the formulation of a plan. Second, the failure to file a plan was due to her prior counsel's conflict of interest in representing her parents, which affected the ability to prepare and file a plan without the opportunity for substitute counsel to be retained in time to permit reasoned and informed legal assistance in drafting a plan. And third, the Debtor did not act in bad faith in the delay to file a plan.

She did retain substitute counsel once the apparent conflict was brought to light, and immediately filed for an extension. If the 90-day filing deadline is

not jurisdictional, and no party moves for dismissal, the case is in limbo until the Court acts. Because the Debtor has clearly demonstrated the conflict was not created by her and beyond her control, the Debtor's Motion to Extend Time to File the Chapter 12 Plan is granted.

### III. Conclusion

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: September 29, 2016

BY THE COURT:

Catherine J. Furay
U.S. Bankruptcy Judge